[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In its two count complaint, the plaintiff, Crown Services Systems, Inc., is alleging a breach of contract by the defendant, Tri-Mac, Inc.
After a full trial, all parties present and represented by counsel, the court, based on a preponderance of the credible, relevant, reliable and legally admissible evidence and the lawful, rational and reasonable inferences to be drawn therefrom, CT Page 16046 finds, determines and rules as follows:
The plaintiff, Crown Services Systems, Inc., is a Massachusetts corporation, authorized to do business in Connecticut, and provide linens, aprons, frocks, floor mats and other services to its customers.
The defendant, Tri-Mac, Inc., is a Connecticut Corporation which operates four grocery supermarkets, one each in the towns of East Lyme, Niantic, Essex and East Hampton.
The defendant and plaintiffs entered into a contract for its supplies and services which covered the defendant's Niantic and Easy Lyme stores. Said contract were duly entered into and signed by authorized representatives of the parties and were subsequently properly terminated in accordance with their terms.
The plaintiff negotiated said contracts with the General Manager of the defendant, Lewis Levinson, who was authorized to sign for the defendant.
Later Levinson contacted the plaintiffs and asked them to provide mats for the defendant's Essex and East Hampton stores.
The plaintiff provided said mats and were paid for such service in due course. There is no balance due the plaintiff for any mats provided the defendant.
The plaintiff claims that it supplied these mats in accordance with written contract signed by authorized representation of the defendant.
However, the court expressly finds that the persons who signed the document submitted to them upon the first delivery of the mats to the Essex and East Hampton stores were employees of the defendant and were without authority to enter into contract with the plaintiff.
The plaintiff dealt with and had actual knowledge that Lewis Levinson was the representative of the defendant who negotiated the Niantic and East Lyme contract and who was authorized to sign and enter into binding contract with the plaintiff.
The individuals who signed the documents labeled "Service Plan Agreement and Invoice" dated December 15, 1993 (East Hampton CT Page 16047 store) and June 20, 1994 (Essex Store) were not authorized to enter into written contract with the plaintiff.
The court expressly finds that the plaintiff and the defendant did not have an enforceable, valid, written contract, duly executed by an authorized representative of the defendant, for the services rendered the Essex and East Hampton Stores.
The plaintiff supplied mats for the Essex and East Hampton stores and were paid for same as invoiced upon delivery.
The plaintiffs have not persuaded the court that they supplied the Essex and East Hampton stores, mats pursuant to a valid written contract.
Judgment may enter for the defendants with cost of suit.
SPALLONE, STATE TRIAL REFEREE